1  MATTHEW L. SEROR (SBN: 235043)
   mseror@buchalter.com
2  BUCHALTER
   A Professional Corporation
3  1000 Wilshire Boulevard, Suite 1500
   Los Angeles, CA 90017-1730
4  Telephone: 213.891.0700
   Fax: 213.896.0400
5
   Attorneys for Defendants
6  J.C. PENNEY CORPORATION, INC.,
   and BELK, INC.
7

8              UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA

10 WONGAB CORPORATION, a Korean      Case No. 2:18-cv-02630-SVW-JPR
   Corporation,
11                                   **ANSWER TO COMPLAINT**
              Plaintiff,
12                                   **DEMAND FOR JURY TRIAL**
        vs.
13
   FYC APPAREL GROUP, LLC, a
14 Connecticut Limited Liability Company,
   individually and doing business as
15 "ROBBIE BEE"; J.C. PENNEY
   CORPORATION, INC., a Delaware
16 Corporation; BELK, INC., a Delaware
   Corporation; and DOES 1-10,
17
              Defendants.
18

19

20      Defendant Belk, Inc. ("Defendant") answers the Complaint ("Complaint") of

21 Plaintiff Wongab Corporation ("Plaintiff") as follows:

22      In response to the introduction, Defendant lacks sufficient knowledge or

23 information to either admit or deny the allegations contained therein, and on that

24 basis, denies each and every allegation contained therein.

25      1.    In response to Paragraph 1 of the Complaint, Defendant denies any

26 and all liability. Defendant admits that Plaintiff purports to assert claims and seeks

27 remedies pursuant to the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*

28 ///

2. Paragraph 2 of the Complaint states a legal conclusion which Defendant is not required to admit or deny.

3. Paragraph 3 of the Complaint states a legal conclusion which Defendant is not required to admit or deny.

4. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 4 of the Complaint and, on that basis, denies each and every allegation contained therein.

5. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 5 of the Complaint and, on that basis, denies each and every allegation contained therein.

6. Defendant Belk admits that it is a Delaware corporation with its principal place of business in Charlotte, North Carolina. Defendant Belk denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 7 of the Complaint and, on that basis, denies each and every allegation contained therein.

8. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 8 of the Complaint and, on that basis, denies each and every allegation contained therein.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 10 of the Complaint and, on that basis, denies each and every allegation contained therein.

11. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 11 of the Complaint and, on that basis, denies each and every allegation contained therein.

///

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

2

ANSWER
BN 33036278v1

Case No. 2:18-cv-02630-SVW-JPR

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 14 of the Complaint and, on that basis, denies each and every allegation contained therein.

15. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 15 of the Complaint and, on that basis, denies each and every allegation contained therein.

16. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 16 of the Complaint and, on that basis, denies each and every allegation contained therein.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. For its response to Paragraph 20 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1-19, inclusive, of this Answer as if said responses were set forth herein.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

3

ANSWER
BN 33036278v1

Case No. 2:18-cv-02630-SVW-JPR

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. For its response to Paragraph 28 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1-27, inclusive, of this Answer as if said responses were set forth herein.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. For its response to Paragraph 34 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1-33, inclusive, of this Answer as if said responses were set forth herein.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 36 of the Complaint with respect to the

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

ANSWER
BN 33036278v1

4

Case No. 2:18-cv-02630-SVW-JPR

marking Plaintiff's purported patented material, on that basis, denies each and every allegation contained therein. Defendant denies all other allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

38. As its First and Separate Affirmative Defense, Defendant alleges that Plaintiff has failed to state a claim against Defendant.

## SECOND AFFIRMATIVE DEFENSE
### (Lack of Damages)

39. As its Second and Separate Affirmative Defense, Defendant alleges that Plaintiff has sustained no loss or damages as a result of Defendant's alleged conduct.

## THIRD AFFIRMATIVE DEFENSE
### (Mitigation of Damages)

40. As its Third and Separate Affirmative Defense, Defendant alleges that Plaintiff has failed to mitigate the damages, if any, that Plaintiff has allegedly suffered.

## FOURTH AFFIRMATIVE DEFENSE
### (Waiver)

41. As its Fourth and Separate Affirmative Defense, Defendant alleges that, as a result of Plaintiff's own conduct, Plaintiff has waived any claim for relief in conjunction therewith, and, thus, is barred or precluded from maintaining such action or obtaining any judgment or relief whatsoever against Defendant.

///
///
///

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

5

ANSWER
BN 33036278v1

Case No. 2:18-cv-02630-SVW-JPR

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

42. As its Fifth Affirmative Defense, Defendant alleges that Plaintiff, as a result of its own conduct, is estopped from prevailing on its claims.

## SIXTH AFFIRMATIVE DEFENSE

### (Lack of Copying)

43. As its Sixth and Separate Affirmative Defense, Defendant alleges that it has not copied the constituent original elements, if any, of Plaintiff's purported copyrighted work.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Infringement)

44. As its Seventh and Separate Affirmative Defense, Defendant has not infringed and do not infringe, directly, contributively, or by inducement, any valid and enforceable claim of the asserted patent, either literally or under the doctrine of equivalents.

## EIGHTH AFFIRMATIVE DEFENSE

### (Misuse of Copyright)

45. As its Eighth and Separate Affirmative Defense, Defendant is informed and believes that Plaintiff has misused its copyright, if any, to secure an exclusive right or monopoly not granted by the Copyright Office; and, further, that Plaintiff's claim of copyright infringement is barred, in whole or in part, by fraud or deception in the copyright registration process, or by misuse of registered copyrights.

## NINTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees Improper)

46. As its Ninth and Separate Affirmative Defense, Defendant alleges that Plaintiff fails to state facts sufficient to permit recovery of attorneys' fees against Defendant.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

6

ANSWER
BN 33036278v1

Case No. 2:18-cv-02630-SVW-JPR

## TENTH AFFIRMATIVE DEFENSE
## (No Malice)

47. As its Tenth and Separate Affirmative Defense, Defendant alleges that the alleged acts, in connection with the manufacture and sale of garments, were without malice, and were done in the good-faith belief that such acts were duly authorized and proper.

## ELEVENTH AFFIRMATIVE DEFENSE
## (Wrongful Acts of Third Parties)

48. As its Eleventh and Separate Affirmative Defense, Defendant alleges that individuals other than Defendant were careless and negligent in and about the matters alleged and that said carelessness and negligence on the part of those individuals proximately contributed to and/or caused Plaintiff's damages, if any, and that, should Plaintiff recover any damages, Defendant is entitled to have such damages reduced or eliminated to the extent that third parties caused or contributed to such damages.

## TWELFTH AFFIRMATIVE DEFENSE
## (Copyrighted Work Not Original to Plaintiff)

49. As its Twelfth and Separate Affirmative Defense, Defendant alleges that Plaintiff's copyright registration, as identified in the Complaint, is invalid because it claims material originally developed by persons other than Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE
## (Designs Not Subject to Copyright Protection)

50. As its Thirteenth and Separate Affirmative Defense, Defendant alleges that Plaintiff's copyrighted design, as alleged in the Complaint, is not properly subject to copyright protection or copyrightable.

///
///
///

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

7

ANSWER
BN 33036278v1

Case No. 2:18-cv-02630-SVW-JPR

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Innocent Infringement and Good Faith)

51. As its Fourteenth and Separate Affirmative Defense, Defendant alleges that to the extent Plaintiff's work was infringed, Defendant acted in good faith, innocent of any knowledge or intent to infringe Plaintiff's rights. If such good faith and lack of intent does not, as a matter of law, preclude a finding of liability, any general or statutory damages awarded should be correspondingly reduced.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Invalidity)

52. As its Fifteenth and Separate Affirmative Defense, Defendant alleges that one or more claims of the asserted patent is invalid for failure to meet the requirements of one or more sections of Title 35, United States Code, and/or Title 37, Code of Federal Regulations, including but not limited to one or more of 35 U.S.C. §§101, 102, 103, and 112. Defendant further alleges that the Copyright Registration alleged in the Complaint is invalid.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

53. As its Sixteenth and Separate Affirmative Defense, Defendant alleges that Plaintiff's copyright infringement claims are barred by the equitable doctrine of unclean hands.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

54. As its Seventeenth and Separate Affirmative Defense, Defendants allege that Plaintiff's copyright infringement claims are barred by the applicable statute of limitations.

///
///
///

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

ANSWER
BN 33036278v1

8

Case No. 2:18-cv-02630-SVW-JPR

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Public Domain)

55. As its Eighteenth and Separate Affirmative Defense, Defendant alleges that Plaintiff's copyright infringement claims are barred because the work for which copyright protection is claimed, or elements thereof, was in the public domain.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Independent Creation)

56. As its Nineteenth and Separate Affirmative Defense, Defendant alleges that Plaintiff's copyright infringement claims are barred because the designs were independently created sufficient for protection under the Copyright Act.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Abandonment)

57. As its Twentieth and Separate Affirmative Defense, Defendant alleges that Plaintiff's copyright infringement claims are barred because Plaintiff has abandoned any alleged copyrights.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Laches)

58. As its Twenty-First and Separate Affirmative Defense, Defendant alleges that Plaintiff's copyright infringement claims are barred by the doctrine of laches.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Lack of Notice)

59. As its Twenty-Second and Separate Affirmative Defense, Defendant alleges that to the extent Plaintiff asserts that Defendant has committed or are committing indirect infringement of the asserted patent, Defendant is not liable for the acts alleged to have been performed before Defendant knew that its actions could cause infringement.

///

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

ANSWER
BN 33036278v1

9

Case No. 2:18-cv-02630-SVW-JPR

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Recovery Barred by 35 U.S.C. § 288)

60. As its Twenty-Third and Separate Affirmative Defense, Defendant alleges that Plaintiff's claims against Defendant for recovery are barred, in whole or in part, by 35 U.S.C. § 288.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Patent Misuse)

61. As a Twenty-Fourth and Separate Affirmative Defense, Defendant alleges that the patents in suit are invalid, unenforceable, and void as a result of patent misuse, such misuse including, without limitation, obtaining a patent through fraudulent representations and omissions in the Patent Office, and bad faith enforcement of patents known to Plaintiff to be invalid for the purpose of restraining competition.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Failure of the Notice and Marking Requirements)

62. As a Twenty-Fourth and Separate Affirmative Defense, Defendant Alleges, Plaintiff's claim for damages prior to providing Defendant with actual notice of patent infringement by filing the Complaint is barred, in whole or in part, for failure to comply with 35 U.S.C. 287.

///
///
///
///
///
///
///
///
///

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

10

ANSWER
BN 33036278v1

Case No. 2:18-cv-02630-SVW-JPR

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Reservation of Defenses)

63. Defendant reserves the right to assert such additional defenses in the event that further discovery, investigation or analysis indicate they are proper.

DATED: June 4, 2018

BUCHALTER
A Professional Corporation

By: _____/s/_____
MATTHEW L. SEROR
Attorneys for Defendants
J.C. PENNEY CORPORATION, INC.,
and BELK, INC.

## DEMAND FOR TRIAL BY JURY

Defendant hereby demands a trial by jury on all issues in Plaintiff's Complaint that are triable by jury.

DATED: June 4, 2018

BUCHALTER
A Professional Corporation

By: _____/s/_____
MATTHEW L. SEROR
Attorneys for Defendants
J.C. PENNEY CORPORATION, INC., and BELK, INC.

BUCHALTER
A Professional Corporation
Los Angeles

12

ANSWER
BN 33036278v1

Case No. 2:18-cv-02630-SVW-JPR